IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NADIA LOFTON, | § | |
|        PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:19-CV-1231-N-BK |
| | § | |
| DR. HAWKINS, ET AL., | § | |
|        DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. The Court granted Plaintiff Nadia Lofton's motion to proceed *in forma pauperis*, pending judicial screening. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

On May 21, 2019, Lofton filed a pro se *Complaint* alleging employment discrimination under Title VII and 42 U.S.C. §§ 1981 and 1983 against LabCorp and UT Southwestern, as well as several of their employees. Doc. 3 at 2-4. Lofton later filed an *Amended Complaint* and *Answers to Magistrate Judge's Questionnaire*, restating her claims and enclosing, with the latter, a *Dismissal and Notice of Rights* letter from the Equal Employment Opportunity Commission (EEOC) dated February 11, 2019. Doc. 9 at 3-4; Doc. 16 at 11-15; Doc. 16 at 20.

Lofton asserts that on June 10, 2016, she "experienced a HIPAA violation" when her personal information was disclosed by LabCorp employees following an annual checkup and

blood test.  Doc. 9 at 6-7; Doc. 16 at 11-15.  In her *Charge of Discrimination*, Lofton alleges sex

and disability discrimination and states *in toto*:

> PERSONAL HARM:
> a.  On or around September 20, 2018, I was denied my request for a reasonable accommodation due to my medical condition and/or disability.
> b.  On February 1, 2019, I was terminated.
>
> RESPONDENTS REASON FOR ADVERSE ACTION:
> a.  I was told that my request was denied due to no medical documentation being submitted.
> b.  I received a letter stating that I was being terminated because I had been on an extended leave of absence, was in a nonprotected job status and apparently could not return to work with or without a reasonable accommodation within the near future, therefore they had no choice but to terminate my employment.
>
> DISCRIMINATION STATEMENT:
> I believe that I have been discriminated against because of my sex, female/pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended.
> I believe that I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

Doc. 16 at 24-25.

## II. ANALYSIS

Because Lofton is proceeding *in forma pauperis*, her complaint is subject to screening

under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for the *sua sponte* dismissal of a

complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon

which relief may be granted, or (3) seeks monetary relief against a defendant who is immune

from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in

fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   A complaint fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is

plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under the most deferential view, however, Lofton fails to state a claim upon which relief can be granted.

**A.  Title VII claims are time barred**

"A civil action under Title VII must be brought within ninety days of receipt of a right-to-sue-letter from the EEOC."  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (citing 42 U.S.C. § 2000e–5(f)(1)).  The "ninety-day limitation period is strictly construed" and is analogous to a statute of limitations.  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002); *Espinoza v. Missouri Pacific R.R. Co.*, 754 F.2d 1247, 1248 n. 1 and 1250 (5th Cir. 1985) ("[T]he ninety-day requirement is akin to a statute of limitations.").  Thus, any action that does not meet the requirement should be dismissed.  *Taylor*, 296 F.3d at 379.

Here, the EEOC's right-to-sue letter to Lofton is dated February 11, 2019.  Doc. 16 at 20. In the absence of a concrete allegation to the contrary, the Court presumes it was mailed that day and received within three days.  *See Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 267 (5th Cir. 2015) (presuming EEOC right-to-sue letter is received within three days of mailing where the date of receipt is not known).  Indeed, Lofton does not claim she received the letter outside of that time period, and in her *Answers to the Questionnaire*, despite being requested to provide the date the letter was received, she lists only February 11, 2019 as the date of mailing. Doc. 16 at 6.

3

Based on a receipt date of February 14, 2019, Lofton was required to file this suit by May 15, 2019. However, Lofton's *Complaint* was filed May 21, 2019—6 days beyond the 90-day deadline.

Moreover, Lofton has not pled any basis for equitable tolling. *See Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003). Included with Lofton's *Complaint* and *In Forma Pauperis Application* (both dated on May 8, 2019) Doc. 3 at 10, Doc. 4 at 4, was an unsigned document titled "request to proceed," in which she claims to have "put her civil suit in the mail 5-8-2019" but that "the U.S. Mail never got to the Court." Doc. 3 at 11. However, Lofton provides nothing to support her claim of an earlier, undelivered mailing (such as a post-marked copy of the previous mailing).

Accordingly, Lofton Title VII claims are time barred and should be dismissed for failure to state a claim. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (dismissing time-barred claims for failure to state a claim); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by … limitations, those claims are properly dismissed pursuant to § 1915(d).").

## B.  42 U.S.C. § 1981 claims fail to state a claim

Lofton also raises a claim under 42 U.S.C. § 1981, which prohibits discrimination based on race in the making and enforcement of contracts. However, her pleadings are devoid of any factual enhancement reasonably suggesting any possible discriminatory conduct by the Defendants on account of her race in the making and enforcement of contracts. *See Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir. 1994) (affirming dismissal of Section 1981 claims because plaintiff failed to allege that he was discriminated based on his race). Apart from

mentioning the word "discrimination," Lofton's pleadings are totally silent about facts supporting her race or any discrimination in the making and enforcement of a contract.  Doc. 9 at 5; Doc. 16 at 12-16.  Lofton's EEOC *Charge* alleged only sex and disability discrimination. Doc. 16 at 24.  As such, Lofton has failed to state a claim under Section 1981 that is plausible on its face.  *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 557 (2007) (requiring more than a "naked assertion" devoid of "further factual enhancement").

### C.  42 U.S.C. § 1983 claims also fail

Lofton has likewise failed to state a plausible claim for relief under Section 1983.  While she alleges due process and equal protection violations, Lofton cannot satisfy the requirements of 42 U.S.C. § 1983 that Defendants, private citizens and private entities, must have acted under color of state law.  *See Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) ("'[M]ere private conduct, no matter how discriminatory or wrongful' is excluded from § 1983's reach." (quoted case omitted)). [1]

### III.  LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend her complaint prior to dismissal.  However, leave to amend is not required when the plaintiff "has already pleaded [her] 'best case.'"  *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  As discussed herein Lofton's claims are fatally infirm.  In addition, the Court has already given Lofton the opportunity to supplement her complaint by her *Answers to Magistrate Judge's Questionnaire*.

---

[1] To pursue a section 1983 claim, the plaintiff must allege (1) that she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Under these circumstances, she has already pled her best case and granting leave to amend would be futile and cause needless delay.

## IV.  CONCLUSION

For the foregoing reasons, this action should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief could be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on December 17, 2019.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

6